IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JIMMY L. KARNES, *Plaintiff*, | CASE NO. 6:12–cv–00053 |
| v. | MEMORANDUM OPINION |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, *Defendant*. | JUDGE NORMAN K. MOON |

This matter is before me on the parties' cross Motions for Summary Judgment (docket nos. 13 and 16), the Report & Recommendation of United States Magistrate Judge Robert S. Ballou (docket no. 24, hereinafter "R&R"), Plaintiff's Objections to the R&R (docket no. 25, hereinafter, "Objections"), and Plaintiff's Motion to Take Judicial Notice (docket no. 21). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), I referred this matter to the Magistrate Judge for proposed findings of fact and a recommended disposition. The Magistrate Judge filed his R&R, advising that I should deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and deny Plaintiff's Motion to Take Judicial Notice. Plaintiff timely filed his Objections to the R&R, obligating me to undertake a *de novo* review of those portions of the R&R to which proper objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's Objections and adopt the Magistrate Judge's R&R in full.

## I. BACKGROUND

On December 8, 2009, Plaintiff Jimmy Karnes ("Plaintiff" or "Karnes") filed an application for Disability Insurance Benefits ("DIB") payments under Title II of the Social

1

Security Act, 42 U.S.C. §§ 401–433, 1381–1383f, claiming a disability onset date of October 11, 2009. To receive such benefits, Plaintiff must show his disability began before the date he was last insured, which is December 31, 2014, and that the disability existed for twelve continuous months. 42 U.S.C. §§ 423(a)(1)(4), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).

Plaintiff was 47 years old at the time of his application, in which he claims to be disabled as a result of osteoarthritis, bone and disc deterioration, thyroid and high blood pressure problems, sleep apnea, and an enlarged heart. His impairments allegedly caused Plaintiff to suffer from debilitating pain "all of the time" during the relevant period of disability.

### A. The ALJ's Decision

The Commissioner denied Plaintiff's application at the initial and reconsideration levels of administrative review, and on July 19, 2011, Administrative Law Judge ("ALJ") Mark O'Hara held a hearing to consider Plaintiff's disability claim. Plaintiff was represented by counsel at the hearing, which included testimony from Plaintiff as well as vocational expert Lori Cowan. Thereafter, on August 25, 2011, the ALJ entered his decision denying Plaintiff's claim.

Determining disability, and thus eligibility for Social Security benefits, involves a five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). In this process, the Commissioner asks whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment that is severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) the claimant is able to perform his past relevant work; and (5) the claimant can perform other specific types of work. *Johnson v. Barnhart*, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The claimant has the burden of production and proof in Steps 1–4. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). At Step 5,

2

however, the burden shifts to the Commissioner "to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education, and work experience." *Id.* If a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the ALJ first found that Plaintiff had not engaged in substantial gainful activity since October 11, 2009, the alleged onset date of his disability. He further found that the combination of Plaintiff's obesity, sleep apnea, back disorder, osteoarthritis, and hypertension caused more than minimal functional limitations and were thus "severe" under step two of the disability analysis. Nonetheless, at step three of the inquiry, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ next considered Plaintiff's residual functional capacity ("RFC"). A claimant's RFC is defined as "the most [one] can still do [in the workplace] despite [his] limitations." 20 C.F.R. § 416.945(a)(1). In determining Plaintiff's RFC, the ALJ followed a two-step process in which he first identified Plaintiff's physical impairments and then evaluated their limiting effects. The ALJ found that Plaintiff complained of "osteoarthritis, bone/disc deterioration, thyroid and high blood pressure problems, sleep apnea, and an enlarged heart." R. 24. He further noted that Plaintiff alleged he was in constant pain as a result of his conditions. The ALJ found that Plaintiff's impairments could be expected to cause some limitations, but he nonetheless decided that "the totality of evidence fails to substantiate that his limitations are of the . . . intensity alleged . . . ."[1] R. 27. He therefore determined that Plaintiff possessed the RFC

---

[1] The ALJ chose not to credit the full extent of Plaintiff's complaints of pain because they were inconsistent with the findings in his medical record. For example, the ALJ noted that Plaintiff received conservative treatment for his condition during the relevant time period. In December of 2009, Dr. William Blaylock evaluated Plaintiff for back pain and advised him to return in 4 months for a follow-up appointment. Despite that, Plaintiff never returned to Dr.

3

to perform light work as defined in 20 C.F.R. § 404.1567(b), but that such work should "not require climbing ladders, ropes and scaffolds or more than occasional climbing of stairs and ramps." R. 23. Notably, in reaching his conclusion that Plaintiff could perform "light work," the ALJ observed that "no treating, examining, or reviewing medical sources [have] opined that the claimant is physically more limited than the above residual functional capacity." R. 27.

In light of his RFC analysis, the ALJ determined that Plaintiff could not return to his position as furnace helper and therefore could not perform any past relevant work. The ALJ next considered whether Plaintiff could perform "other work" in light of his RFC, age, education, and work experience. In answering this question, the ALJ considered the testimony of vocational expert Lori Cowan, who stated that Plaintiff could "perform the requirements of representative light unskilled occupations, such as a cashier, cafeteria attendant, and mail clerk." R. 28. Because Plaintiff could perform "other work," the ALJ determined that Plaintiff was not disabled. On September 13, 2012, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g). Plaintiff filed this suit on October 9, 2012, seeking review of the Commissioner's decision.

### B. The Summary Judgment Motions

In his Motion for Summary Judgment, Plaintiff argues that the ALJ improperly discredited his testimony regarding the severity of his pain. He maintains that the evidence in the record shows that his pain renders him completely unable to work and therefore the ALJ's

---

Blaylock for a follow-up appointment. Further, the ALJ found no other evidence in Plaintiff's record that indicated he sought treatment for his pain until "11 months later in October 2010 when he was seen by Dr. Akhtar Purvez at Centra Health Center for Pain Management." R. 25. During this visit, Plaintiff reported that "his pain level was at 8 to 10. . . that it occurred all the time; [and] that it worsened with exercise, walking, sitting, [and standing.]" *Id.* Despite those reports, Dr. Purvez found that Plaintiff possessed a "normal gait," and that he was "not a candidate for any interventional procedures." *Id.* The ALJ therefore noted that "[t]he claimant's history of treatment is inconsistent with an individual who has been experiencing debilitating symptoms." R. 27.

4

determination at step five of the disability inquiry is unsupported by substantial evidence. In response, Defendant Colvin argues that substantial evidence supports the ALJ's decision.

### C. The Magistrate Judge's Report and Recommendation

Magistrate Judge Robert S. Ballou recommends denying Plaintiff's Motion for Summary Judgment. The R&R notes that the ALJ considered the Plaintiff's allegations of pain, but found them inconsistent with his medical record as a whole. The Magistrate Judge therefore found that the ALJ's decision is supported by substantial evidence.

## II. STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is not a large or considerable amount of evidence. *Pierce v. Underwood*, 487 U.S. 552, 555 (1988). Rather, it comprises "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In determining whether the ALJ's decision was supported by substantial evidence, a reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589 (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make

5

findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971). The issue before this Court is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached through correct application of the law. *Craig*, 76 F.3d at 589.

### III. DISCUSSION

#### A. The ALJ's Credibility Assessment

It is not the role of this Court to determine whether Plaintiff's testimony was fully credible. *Craig*, 76 F.3d at 589. Rather, the question is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility, and whether the ALJ's decision is supported by substantial evidence. *Id.* Here, Plaintiff first argues the ALJ applied an improper legal standard when he allegedly required Plaintiff to produce objective evidence of pain before fully crediting his complaints. He objects to the R&R on the grounds that it fails to correct this error.

An ALJ may not require objective evidence of pain before crediting the sincerity of a plaintiff's subjective complaints. *See Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (noting that the ALJ erred when he "refused to credit [the claimant] with having debilitating pain because a laundry list of objective indicators did not appear in [his] medical records."). The Fourth Circuit has expressly noted, however, that "[a]lthough a claimant's allegations about [his] pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence." *Id.* at 565 n.3 (quoting *Craig*, 76 F.3d at 595). Plaintiff argues that the ALJ committed error because he failed to credit his subjective complaints of pain based on an

6

absence of corroborating evidence in his record. This is a mischaracterization of the ALJ's analysis, however, as he judged Plaintiff's credibility in light of findings in his medical record which were inconsistent with his allegations. Accordingly, because the ALJ did not base his analysis on an "absence" of corroborating evidence, I will overrule Plaintiff's first objection.

Plaintiff also objects to the Magistrate Judge's finding that substantial evidence supports the ALJ's credibility assessment. Plaintiff argues that substantial evidence fails to support the ALJ's credibility determination because he considered "irrelevant facts" in reaching his conclusion. Objections at 6 ("The ALJ based his credibility determination of the claimant's subjective pain complaints based upon . . . (i) the wearing of medical gloves; (ii) current exercise habits; (iii) alcohol consumption; (iv) and a purported lack of medical evidence to verify the intensity of subjective pain complaints . . . This simply is not substantial evidence."). The ALJ did not *rely* on such facts, as Plaintiff complains; rather, he mentions these facts incidentally, in passing. The ALJ principally relied on Plaintiff's medical records, which indicated that he had no significant gait abnormalities, normal muscle strength in his upper and lower extremities, and negative straight leg raise tests. Plaintiff thus appeared to be physically "normal" with respect to his movements and strength despite claiming to be disabled as a result of his pain. Moreover, "[b]ecause he had the opportunity to observe the [claimant's] demeanor" during the administrative hearing, the ALJ's credibility determinations "are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Accordingly, even if the ALJ considered "irrelevant facts" in his analysis, I nonetheless agree with the Magistrate Judge that substantial evidence supports his decision. I will therefore overrule Plaintiff's second objection.

7

### B. Plaintiff's Motion to Take Judicial Notice

Plaintiff next argues that "[t]he Magistrate Judge erred when he denied the claimant's motion to take judicial notice of recommendations provided by the National Institutes of Health, concerning the claimant's [gloves and] prescribed topical medications." Objections at 10. Plaintiff seeks to introduce this evidence to undermine the ALJ's credibility analysis. The Magistrate Judge construed Plaintiff's motion as a request to consider new evidence.

"A claimant seeking a remand on the basis of new evidence . . . must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier." *Wilkins v. Secretary, Dep't of Health and Human Servs.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative, and it is material if there is a reasonable possibility that the new evidence would have changed the outcome of the Commissioner's decision. *Id.* at 96 (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)). Here, the Magistrate Judge recommends denying Plaintiff's motion because the evidence is not material in that it would not have affected the Commissioner's overall credibility analysis. In response, Plaintiff argues that, "[w]ith the inclusion of the recommendations from the National Institutes of Health, the ALJ would have found the claimant's testimony [regarding the medical necessity of his gloves] to be more . . . fully credible." Objections at 10. However, as I have previously discussed, the ALJ did not judge Plaintiff's credibility based on such an isolated, incidental statement. Rather, he made his determination based on Plaintiff's medical record as a whole. Therefore, even assuming such information is "new," I agree with the Magistrate Judge that the evidence would not have changed the outcome of the ALJ's credibility analysis. Accordingly, I will overrule Plaintiff's final objection to the Magistrate Judge's R&R.

## IV. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff properly objected, I find that substantial evidence supports the ALJ's conclusions. I will therefore enter an order overruling Plaintiff's Objections, adopting the Magistrate Judge's R&R in full, granting the Commissioner's Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, denying Plaintiff's Motion to Take Judicial Notice, and dismissing this action and striking it from the active docket of the Court.

An appropriate Order follows.

Entered this __31st__ day of March, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE